No. 87-138

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

CITY OF BILLINGS,

   Plaintiff and Respondent,

-vs-

DONALD E. BRINER,

   Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Randy S. Laedeke, Billings, Montana

   For Respondent:

      David Rusoff, City Attorney, Billings, Montana

_____

Submitted on Briefs: Aug. 20, 1987

Decided:  October 22, 1987

Filed:  OCT 22 1987

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


Defendant appeals from the judgment of the District Court, Thirteenth Judicial District, Yellowstone County, finding the defendant duly convicted of the offense of speeding. We affirm.

On February 26, 1986, the defendant Briner was cited for driving 50 miles per hour in a 25 mile per hour zone on Daniels Street between Industrial Avenue and Monad Road in Billings, Montana. He was convicted by jury in Billings City Court and appealed. In a trial de novo in the District Court a jury of six found the defendant guilty of going in excess of the speed limit.

The issues on appeal are as follows:

1. Did the court err in failing to instruct that the prosecution must prove each and every element of the offense and in refusing to give defendant's proposed instruction?

2. Did the court err in refusing to use defendant's purposed jury verdict forms?

Initially, defendant argues error in failing to give, in pertinent part, the following proposed instruction:

. . .

4. The City of Billings has the burden of proving the guilt of the defendant beyond a reasonable doubt. The prosecution must establish each and every element of the offense of speeding by testimony:

a. Of an experienced and trained officer, and

b. That officer made a visual observation, and accurately determined the speed of the defendant's vehicle, and

c. That the alleged speed was in excess of the legal speed limit, and

d. That the speed limit was legally posted at the location of the alleged violation.

At a minimum, the trial court must define the crime of which the defendant stands accused. State v. Lundblade (Mont. 1981), 625 P.2d 545, 548, 38 St.Rep. 441, 443. When evaluating jury instructions, they must be looked at as a whole. Lundblade, 625 P.2d at 548. The court gave the following instructions, in part:

Instruction No. 2

. . .

3. The City of Billings has the burden of proving the guilt of the Defendant beyond a reasonable doubt.

4. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would rely and act upon it in the most important of his own affairs. Proof beyond a reasonable doubt does not mean proof beyond any doubt or proof beyond a shadow of a doubt.

Instruction No. 6

You are instructed that it is unlawful for any person to drive a motor vehicle in the business district or any residence district at a speed greater than 25 miles per hour or at a speed greater than the speed limit indicated on appropriate signs.

The State has the burden to prove guilt beyond a reasonable doubt. The wording of the court's instruction no. 2 was specifically approved by this Court in State v. Lucero (Mont. 1984), 693 P.2d 511, 516, 41 St.Rep. 2509, 2515. The elements of the crime of speeding are adequately set out in court's instruction no. 6. Taken together with instruction no. 2, this instruction properly apprises the jury of the

- 3 -

prosecutor's burden and the elements of the offense of speeding.

The defendant also argues that court's instruction nos. 2 and 5 misstated the law and misled the jury as to the allegations in the complaint. Instruction no. 2 generally charges the defendant with speeding. Instruction no. 5 specifically spells out the law that applies to the charge. We fail to see how this is in any way misleading or inaccurate.

Defendant also argues it was error not to give these additional portions of his proposed instruction no. 1:

. . .

2. By his plea of not guilty, the defendant denies every material allegation of the charges against him. The prosecution is bound by the particular allegations therein and it cannot obtain a conviction by proof of a violation of the same statute in a manner not alleged.

3. The defendant, Donald E. Briner, is charged with speeding. In every charge of a violation of any speed regulation, the complaint shall specify the speed at which the defendant is alleged to have driven, and specify also the speed applicable within the district or within the location.

Defendant cites to case law for the proposition that the prosecution is held to the allegations in the complaint and may not obtain a conviction in a manner not alleged. The offense alleged in the present case is speeding, or more specifically, operating a motor vehicle in excess of the 25 mile per hour limit. The jury instructions clearly inform the jury of this charge.

Defendant, secondly, raises the issue that the jury verdict form submitted prejudiced the defendant. By not requiring that the defendant be found guilty or not guilty as charged "and in the manner alleged" in the complaint, the

jury was allowed to find Briner guilty of speeding even though they did not find him guilty of driving 50 miles per hour in a 25 mile per hour zone, as alleged in the complaint. Not surprisingly, there is little law on this subject. In State v. Dantonia (N.J. 1955), 115 A.2d 35, the New Jersey Supreme Court reasoned that the prosecution need not prove the exact speed of the defendant in a speeding case. The material charge against Briner consisted of speeding in excess of 25 miles per hour. This was covered adequately by the jury instructions and verdict forms. The defendant was not prejudiced. We will not disturb the jury verdict or the court's judgment.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices